UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELMER ALVAREZ-OCHOA,<br><br>Defendant. | CASE NO. CR12-0021JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court is Defendant Elmer Alvarez-Ochoa's *pro se* motion requesting a reduction in his sentence under 18 U.S.C. § 3582(c)(2), based on Amendments 782 and 788 to the United States Sentencing Guidelines ("USSG"). (Mot. (Dkt. # 891).)  Plaintiff United States of America ("the Government") opposes the motion. (*See* Resp. (Dkt. # 905).)  The court has thoroughly considered the parties' briefing, the relevant record,

ORDER- 1

and the applicable law. Being fully advised,[1] the court DENIES Defendant's motion for the reasons stated below.

## II.     BACKGROUND

Defendant was sentenced on April 15, 2013, following his conviction for Conspiracy to Distribute Controlled Substances. At his sentencing hearing, the court found Defendant's applicable sentencing range as follows: Total Offense Level 29, Criminal History Category V. Hence, Defendant's applicable sentencing range was 140 to 175 months. The court then sentenced Defendant to 120 months of imprisonment, which was below that range.[2] Defendant has moved for a reduction in his sentence based on Amendments 782 and 788 to the United States Sentencing Guidelines. The court now considers his motion.

## III.     ANALYSIS

Amendment 782 to the United States Sentencing Guidelines became effective November 1, 2014, and lowered the penalties for many drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity Table by two levels, and making other related adjustments to the Guidelines. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.

---

[1] The court finds oral argument to be unnecessary.

[2] The court departed downward from the Sentencing Guidelines range but imposed the mandatory minimum sentence of 120 months of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

At issue in the instant motion is whether the court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2) two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

In United States Sentencing Guidelines § 1B1.10(a)(2)(B), the Sentencing Commission makes clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not lower the applicable sentencing range for the defendant. *See* USSG § 1B1.10 (a)(2)(B); *see also United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (affirming the district court's denial of a retroactive reduction where the final sentencing range was unchanged due to the operation of the grouping rules).

Here, the record in this case establishes that Defendant was subject to a mandatory minimum sentence. On January 9, 2013, he pleaded guilty to Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Plea Agreement (Dkt. # 601).) The Indictment charged and Defendant acknowledged as part of his Plea Agreement that the offense involved five (5) kilograms or more of

cocaine, carrying a mandatory minimum term of imprisonment of ten (10) years of imprisonment. (*Id.* ¶¶ 2, 3.) Based on this admitted quantity of drugs and subtracting three levels for his acceptance of responsibility, the court found Defendant's Total Offense Level was 29, his Criminal History Category was V, and his sentencing range was 140-175 months. Pursuant to 21 U.S.C. § 841(b)(1)(A), Defendant was subject to a mandatory minimum sentence of ten years (120 months). The court then departed downward from the range and imposed the mandatory minimum sentence of 120 months' imprisonment on April 15, 2013. Therefore, Defendant is ineligible for a reduction in sentence because his sentence was a mandatory minimum sentence and not a sentence based on the Sentencing Guidelines.

Further, even if Defendant was not subject to the 120-month mandatory minimum sentence, he still would not be eligible for a reduction in sentence. Under the retroactively effective amendments to USSG § 2D1.1, Defendant's Total Offense Level would now be reduced by two levels, to Level 27. This in turn results in an amended Guidelines range of 120-150 months. Because the sentence already imposed (120 months) is already at the low end of the range as calculated applying the amended Guidelines (120 months), the policy statement precludes any reduction in sentence.[3]

//

//

//

---

[3] There is nothing in the PSR or the Statement of Reasons to suggest the "substantial assistance" exception to this limitation applies to Defendant. *See* USSG § 1B1.10(b)(2)(B).

ORDER- 4

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Defendant's motion for a reduction of his sentence (Dkt. # 891.)

Dated this 10th day of July, 2015.

JAMES L. ROBART
United States District Judge

ORDER- 5